IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE SHAW,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 25-CV-2941 |
| THE CITY OF PHILADELPHIA, *et al.*,<br>    Defendants. | : <br> : | |

**MEMORANDUM**

**HODGE, J.**                                                                                                          **JUNE    13, 2025**

This is the second civil action filed by Plaintiff Dwayne Shaw based on allegations that his rights were violated when his children were removed without his consent over two decades ago based on unfounded accusations of child abuse. For the following reasons, the Court will grant Shaw leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice.

**I.      FACTUAL ALLEGATIONS AND LITIGATION HISTORY**[1]

On April 3, 2025, Shaw filed a civil action against the City of Philadelphia Law Department, the Department of Human Services, Judge Nicholas N. D'Allessondro, and a John Doe court-appointed attorney claiming that the removal of his children in the summer of 1997 violated his constitutional rights and other laws. *Shaw v. City of Philadelphia, L. Dep't*, No. 25-1745 (E.D. Pa.) (ECF No. 2). In an April 11, 2025 Memorandum, the Court granted Shaw leave to proceed *in forma pauperis*, dismissed his constitutional claims as time-barred, dismissed his other federal claims because the statutes invoked by Shaw did not provide for a private right of

---

[1] The following allegations are taken from the Complaint (ECF No. 2) and public dockets, which may be considered by the Court in determining whether Shaw has stated a viable claim. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the pagination supplied by the CM/ECF docketing system.

action, and dismissed all state claims for lack of subject matter jurisdiction. *Shaw v. City of Philadelphia, L. Dep't*, No. 25-1745, 2025 WL 1094165, at *4 (E.D. Pa. Apr. 11, 2025).

After finding that "[a]mendment would be futile . . . because Shaw cannot cure the legal defects in his claims," *id.* at *5, the Court entered a final order dismissing Shaw's claims for prospective relief and state claims without prejudice for lack of jurisdiction, and dismissing the balance of the Complaint with prejudice. *Shaw*, No. 25-1745 (ECF No. 8). Shaw then moved to file an amended complaint, *id.* (ECF Nos. 9, 10), which the Court denied in an order docketed on April 28, 2025, because "Shaw's proposed amended complaint suffer[ed] from the same defects as his initial Complaint," *id.* (ECF No. 14). Shaw did not file an appeal.

On June 5, 2025, Shaw filed the pending civil Complaint, which raises claims against the City of Philadelphia, the Commissioner of the Philadelphia Department of Human Services in her official capacity, the Commonwealth of Pennsylvania, and the Secretary of Human Services in her official capacity, based on the same 1997 removal of his children at issue in his prior case. (Compl. at 1-3.) As in his prior case, Shaw contends that the 1997 proceedings in Philadelphia Family Court were based on "fabrications," violated his constitutional rights in several respects, and were contaminated by judicial errors and failures of his court-appointed attorney caused, in part, by a conspiracy to deprive him of his parental rights. (*Id.* at 3-4, 9.) He also asserts, as he did in his earlier case, that his children were held in state custody for eight years without any effort to prioritize family unification. (*Compare* Compl. at 4, ¶¶ 13-14 *with Shaw*, No. 25-1745 (ECF No. 2 at 8, ¶¶ 42-48).) Shaw asserts claims pursuant to 42 U.S.C. § 1983 for violation of several of his constitutional rights, as well as claims under numerous federal statutory provisions.

(*Id.* at 2-3, 19-22.)  He seeks damages, a declaration that his rights were violated, and injunctive relief.  (*Id.* at 27-28.)

## II.     STANDARD OF REVIEW

The Court will grant Shaw leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At the screening stage, the Court accepts the facts alleged in the *pro se* complaint as true, draws all reasonable inferences in the plaintiff's favor, and asks whether the liberally construed complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint.  *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

## III.    DISCUSSION[2]

---

[2] "Claim preclusion . . . protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted).  Three elements are required for claim preclusion to apply:  "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted).  Since a component of Shaw's prior

3

**A. Section 1983 Claims**

Shaw's § 1983 claims are, as before, time-barred. Pennsylvania's two-year statute of limitations applies to these claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). This is consistent with Pennsylvania's "discovery rule," which delays the running of the statute of limitations where "despite the exercise of reasonable diligence," a plaintiff cannot know that he is injured and by what cause. *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005). Additionally, federal law permits equitable tolling of § 1983 claims: "(1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum." *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000).

It is apparent from the face of the Complaint, (*see* Compl. at 3-4), that Shaw knew in 1997 that his children were being removed from his care in connection with proceedings that he believed were legally deficient. *See Bennett v. Susquehanna Cnty. Child. & Youth Servs.*, 592 F. App'x 81, 83 (3d Cir. 2014) ("Bennett's cause of action for all claims accrued at the time of the

---

case was dismissed without prejudice, the Court will address this second, duplicative lawsuit on its merits rather than considering whether the prior dismissal has any preclusive effect. *See Venuto v. Witco Corp.*, 117 F.3d 754, 759 (3d Cir. 1997) ("[A] court's decision to exclude a claim 'without prejudice' preserves the claim for a second action.").

alleged unlawful seizure and withholding of her two minor children on November 18, 2009" and could not be saved by equitable tolling or the continuing violations doctrine); *Daniels v. Harper*, No. 23-3867, 2024 WL 580874, at *4 (E.D. Pa. Feb. 13, 2024) ("Plaintiffs' § 1983 claims accrued on the dates that their children were removed . . . because it is apparent that on those dates Plaintiffs knew that their minor children were being removed from their care."); *Moore v. Morrison*, No. 21-4100, 2022 WL 824102, at *5 (E.D. Pa. Mar. 18, 2022) (dismissing § 1983 claims as time-barred where the "amended complaint makes clear on its face that the plaintiffs knew at the time in January 2017 that their children were initially removed from their care" and thus "their claims related to the removal of their children started accruing at that time"); *see also Shaw*, 2025 WL 1094165, at *3 ("Shaw knew in 1997 that his children were being removed from his care based on false allegations of child abuse because that is when he attended court proceedings and unsuccessfully challenged DHS's actions before Judge D'Allessondro."). In other words, the cause and nature of Shaw's alleged constitutional injuries either were apparent to him or should have been apparent to him with the exercise of reasonable diligence in 1997 when the removal proceedings took place.[3] Since he did not file this lawsuit until approximately twenty-five years after his claims accrued, it is apparent from the face of the Complaint that they are time-barred.

### B. Other Federal Claims

The other federal statutes Shaw invokes do not support private causes of action. As previously explained to Shaw, 18 U.S.C. § 1001, 42 U.S.C. § 675(5), and 34 U.S.C. § 12601—which he relied upon in his prior case—do not provide for a private right of action. *Shaw*, 2025

---

[3] There is no plausible basis for suggesting that the limitations period should be tolled for decades to allow Shaw's claims to proceed.

WL 1094165, at *3-4; *see also Steinhardt v. Bernardsville Police Dep't*, No. 20-2825, 2021 WL 3929321, at *2 n.2 (3d Cir. Sept. 2, 2021) (*per curiam*) ("Steinhardt also referenced 18 U.S.C. § 241 and 34 U.S.C. § 12601, but these provisions contain no private right of action."); *Mathis v. Philadelphia Elec. Co.*, 644 F. App'x 113, 116 (3d Cir. 2016) (*per curiam*) (concluding that § 1001 does not create a private cause of action); *31 Foster Child. v. Bush*, 329 F.3d 1255, 1272 (11th Cir. 2003) (determining that § 675(5) does not contain an express private right of enforcement); *Sam M. ex rel. Elliott v. Chafee*, 800 F. Supp. 2d 363, 388 (D.R.I. 2011) ("[I]t is undisputed that the AACWA does not contain private enforcement remedies for a State's non-compliance with the provisions on which the plaintiffs rely in their action."); *see also S.M. by next friend King v. City of N.Y.*, No. 20-5164, 2021 WL 3173456, at *5 (S.D.N.Y. July 26, 2021) ("To be sure, none of these sections [including § 675(5)(A)] explicitly provides a private right of action" but concluding that some of the provisions, including § 675(5)(A) were enforceable under § 1983). Nor do the other criminal statutes cited by Shaw—18 U.S.C. §§ 2, 3, 241, 242, 1510, 1512, 1513, 1519, and 1623, (*see* Compl. at 3)—give rise to a private cause of action. *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190, 114 S. Ct. 1439, 1455, 128 L. Ed. 2d 119 (1994) (declining to "infer a private right of action from a criminal prohibition alone," *i.e.*, 18 U.S.C. § 2); *Colon-Montanez v. Pa. Healthcare Serv. Staffs*, 530 F. App'x 115, 118 (3d Cir. 2013) (*per curiam*) ("[T]hese criminal statutes [18 U.S.C. §§ 241 and 242] provide no private right of action for use by a litigant such as Colon–Montanez."); *Horsch v. Cantymagli*, No. 24-1183, 2024 WL 1444020, at *3 (E.D. Pa. Apr. 3, 2024) ("The grand jury statute, § 1623, also does not provide a plaintiff with a private cause of action."); *Murray v. Ostrowski*, No. 22-812, 2022 WL 1229900, at *2 n.3 (D.N.J. Apr. 26, 2022) (listing 18 U.S.C. § 1510 as among the statues invoked by the plaintiff that "do not concern private

causes of action for a civil complaint"); *Palencia v. N. Point Veterans Program-Turning Point*, No. 20-1691, 2020 WL 7059557, at *1 (W.D. Pa. Dec. 2, 2020) ("18 U.S.C. § 1512 is a criminal statute that does not create a private cause of action."); *Antonelli v. Kennedy Hosp.*, No. 17-13780, 2018 WL 443455, at *2 (D.N.J. Jan. 16, 2018) (concluding there is no private right of action under 18 U.S.C. § 1519); *Winston v. Pavlock*, No. 10-75, 2011 WL 2731785, at *4 (W.D. Pa. July 13, 2011) (no private right of action under 18 U.S.C. §§ 2, 3, 4, 241, and 1512); *Shahin v. Darling*, 606 F. Supp. 2d 525, 538-39 (D. Del.) (holding that 18 U.S.C. §§ 1506, 1512, and 1513 do not confer a private right of action), *aff'd,* 350 F. App'x 605 (3d Cir. 2009).  Shaw also cites 28 U.S.C. § 517 as a basis for his claims, (Compl. at 3), but this statute, which allows the Attorney General to send a federal official to "attend to the interests of the United States" in a pending lawsuit, does not provide any apparent basis for a claim and is inapplicable here.[4]

## IV.   CONCLUSION

In sum, the Court will grant Shaw leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice because Shaw cannot cure the legal defects in his claims.  A final order follows, which dismisses this case in full.  *See* Fed. R. Civ. P. 58(a).

**BY THE COURT:**

/s/ **Hon. Kelley B. Hodge**

_____
**KELLEY BRISBON HODGE, J.**

---

[4] To the extent Shaw invokes any other legal provisions, such passing references are not sufficient to raise plausible claims. *See Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 n.10 (E.D. Pa. Oct. 7, 2022) (noting that a "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other.").  In any event, the Court cannot discern any basis upon which Shaw may proceed.